UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CASE NUMBER: 22-MJ-122 |
| v. : | |
| : | |
| JONATHAN WILLIS, : | |
| : | |
| Defendant. : | |

**REPLY TO DEFENSE OPPOSITION TO GOVERNMENT'S MOTION FOR
EMERGENCY STAY AND FOR REVIEW OF RELEASE ORDER**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully files this Reply to the defendant's Opposition to the Government's Motion for Emergency Stay and for Review of the Magistrate Court's Release Order. In addition to the arguments set forth in its initial Motion for Review, the government states the following:

**1.   The Cases Cited by the Defendant in Support of Release Are Inapposite.**

In support of his argument for release, the defendant cites to four child exploitation cases which also involved a statutory presumption of danger, and in which the Magistrate Court granted release over the government's objection. *See* Def. Opp. at 37-43. However, the defendant fails to note that none of these cases involved an identifiable child victim. In each of those cases, the defendant was charged with either Receipt or Distribution of Child Pornography. <u>In other words, the circumstances of those cases did not present the same potential for immediate harm, caused directly by the defendant, that is at issue in this case</u>. It is extremely telling that in his motion for release, the defendant did not cite to any child exploitation case in this jurisdiction in which the Court ordered release when the defendant was charged with an offense involving direct contact with an identifiable child victim.

1

The present case is also distinguishable from *United States v. Hite,* 76 F. Supp. 3d 33 (D.D.C. 2014), also cited by the defendant. There, the defendant was charged with attempting to entice a minor to engage in illegal sexual activity in violation of 18 U.S.C. § 2422(b). However, in that case, the defendant participated in communications with an undercover officer posing as the *parent* of a child; Hite did not actually engage in any conversations with a child (not even a fictitious child). Here, the defendant's willingness to directly communicate with a child and to solicit both child pornography and sex from her – even after being specifically told that she was a child – is especially concerning. Moreover, in determining that Hite's pretrial release was appropriate, Judge Lamberth specifically emphasized the fact that Hite expressed misgivings and began to back away as the conversations with the undercover officer evolved. *United States v. Hite*, 12-MJ-145, ECF No. 6. Such is not the situation here: not only did the defendant not express any misgivings – to the contrary, he demonstrated significant enthusiasm about the encounter -- but he persisted in pursing the child even with no response from her.[1]

**2.    The Defendant's Characterization of His Offense Minimizes His Conduct and Dangerousness.**

Second, with respect to the nature and circumstances of the offense, the defendant portrays himself as someone who was "encouraged by the undercover officer to wade into this uncharted territory" of seeking a sexual encounter with a child. Def. Opp. at 11. This representation mischaracterizes the evidence. To begin, the conversations with the undercover officer corroborate

---

[1] Furthermore, in later denying Hite's release pending retrial based on risk of flight, Judge Kollar-Kotelly also revisited Judge Lamberth's dangerousness analysis, noting that "the evidence of child pornography found on Dr. Hite's computer was not before Judge Lamberth when he ordered Dr. Hite's release pending trial. It is clear that possession of child pornography is a crime that poses a serious danger to other persons as it is not a victimless crime." *Hite*, 76 F. Supp. 3d at 41. Here, although law enforcement has only been able to perform a partial extraction on the defendant's phone, it is apparent that the defendant also possessed child pornography.

2

the account provided by the child victim. Although the chats that are included in the detention memo and complaint are between the defendant and the undercover officer, they reflect the same things that the defendant had reportedly said to the victim directly**,** namely: 1) repeatedly asking her for photos of her 'pussy;' 2) sending her videos of himself masturbating; and 3) repeatedly trying to convince her to come to his apartment to have sex. Thus, the defendant's characterization of the chats reproduced in the complaint as somehow the result of law enforcement 'encouraging' him to engage in this behavior are misplaced – he had already communicated the same things to the child directly. Moreover, a review of the chats shows that it is clearly the defendant who initiates the offensive conduct. For example, as shown below, in the first chat (May 12, 2022), it is the defendant who raises both having sex and having the victim take photos of her vagina.

> **WILLIS**: What do you want to do. Want me to eat you out? I mean if we link
> **MV1**: Idk[2]
> **WILLIS**: Lick your pussy. Can I see you baby. Could we have sex

…

> **WILLIS**: I would get in more trouble then you baby I'd go to jail if we got caught. You really want to have sex? Baby can you send daddy pics baby
> **MV1**: I'm cool if you are
> **WILLIS**: Oh course lets meet up
> **MV1**: what kinna pics lol
> **WILLIS**: Naughty
> **MV1**: Ok what u wanna me to do I will have to go in the other room mom so nosey lol
> **WILLIS**: Show daddy where you want his cock

In sum, a reading of the chats leaves no doubt that the defendant purposefully, repeatedly enticed the victim to travel to his residence to have sex with him and to send him photos of her vagina.

---

[2] 'Idk' is shorthand for 'I don't know.'

**3.      The Defendant Cannot Show that the Proposed Release Conditions Would Be Enforced.**

Finally, the government reiterates its position that the defendant's parents are not appropriate custodians. Indeed, it is clear from reviewing the Magistrate Court's proposed release conditions and the defendant's Opposition that oversight of the defendant's compliance would rest largely with his parents. While Pretrial Services could monitor whether the defendant leaves the house, there would be no way to ensure that the other extremely important conditions would be rigorously and continuously enforced by the defendant's parents – particularly, the condition that the defendant does not have access to a cell phone or to the internet. The safety of the community is not assured simply by an order setting release conditions, however stringent they may be. Such conditions offer meaningful protection only to the extent that they will be monitored and enforced. Here, leaving oversight of release conditions to individuals who are not trained to perform this function and who are extremely biased in favor of the defendant does not provide the significant level of assurance required in this case, especially considering the demonstrated, serious danger that the defendant poses to children.

## CONCLUSION

For these reasons, as well as those set forth in the government's original Motion for Review, the government respectfully requests that the Court order the defendant held without bond pending trial in this matter.³

---

³ The defendant also requests that the Court order the defendant released so that he can undergo an evaluation by Dr. Ronald Weiner, asserting that Dr. Weiner cannot perform this evaluation if the defendant is incarcerated and that the evaluation is integral to the preparation of his defense. Def. Opp. at 19-20. However, this is not an appropriate consideration under the factors set forth in 18 U.S.C. § 3142(g), nor should the safety of the community be compromised for the sake of the defendant's psychosexual evaluation – examinations which are regularly conducted in detained settings in this jurisdiction.

                                                    Respectfully submitted,

                                                    MATTHEW M. GRAVES
                                                    UNITED STATES ATTORNEY
                                                    D.C. Bar No. 481052

By:    */s/ Caroline Burrell*
        Caroline Burrell
        CA Bar No. 283687
        Assistant United States Attorney
        United States Attorney's Office
        555 Fourth Street, N.W.
        Washington, DC 20530
        Phone: (202) 252-6950

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that I caused a copy of this pleading to be served upon defense counsel via the Electronic Case Filing (ECF) system, this 6th day of July, 2022.

                                                    */s/ Caroline Burrell*
                                                    CAROLINE BURRELL
                                                    Assistant United States Attorney